439 P.2d 276

Clinton C. THOMPSON, Plaintiff and Appellant,

v.

AMERICAN CASUALTY COMPANY, Defendant and Respondent.

No. 10775.

Supreme Court of Utah.

March 25, 1968.

Gary L. Theurer, Salt Lake City, for appellant.

W. Robert Wright, Salt Lake City, for respondent.

CALLISTER, Justice:

Defendant insurance company denied plaintiff's claim for benefits under a group accident insurance policy and the latter brought this suit. The trial court (having before it the pleadings, insurance contract, depositions and affidavits) granted defendant's motion for summary judgment and plaintiff appeals therefrom.

There is no dispute as to plaintiff's disability. The pivotal question is whether the disability resulted from "accidental means" as provided in the insurance contract. The record before this court reveals that the plaintiff was employed by the Utah State Department of Health as a custodian and maintenance man. As such, he was a member of the Department's group accident insurance plan with the defendant.

On July 13, 1964, the plaintiff, then about 60 years of age, was diverted from his usual duties and assigned to the task of drilling a hole in a cement wall. The job required him to operate a 35 to 40 pound electric jackhammer drill in a confined space where the temperature was rather high. During the five-day period in which he performed this work, plaintiff perspired considerably and was exhausted at the end of each work day. On July 18, a Saturday, plaintiff rested at home and, on the following day, drove with his wife on a short trip to visit with relatives. That night, after returning home, he was awakened from his sleep because of seizures which started in his left arm and side and rapidly spread to his entire body. He was rushed to a hospital where his condition was described as "a prolonged generalized status epilepticus, with a left side emphasis."

According to the deposition of his personal physician, plaintiff's medical history, prior to his present difficulty, was (1) a head injury suffered in 1940 which necessitated brain surgery, (2) arteriosclerotic cerebral vascular disease, and (3) pulmonary emphysema.

Upon this appeal, it is assumed that the plaintiff is permanently disabled. The pri-

mary question is whether his disability is the result of "accidental means" as required under the terms of the insurance contract. The trial court, in granting summary judgment, held that it was not.

On previous occasions this court has considered and construed terms such as "accidental means" as contained in insurance policies.[1] The import of our previous pronouncements respecting phrases of this type is to the effect that when an injury which unexpectedly results from an act or occurrence which was not reasonably foreseeable, the insurer is liable under the policy.

In the Whatcott case, the court stated: an insurance policy containing a provision insuring against injury or death caused by accidental means entitles the insured * * * to recover for the unusual or unexpected results of an intentional act, even though such results occur without mischance, slip, or mishap: * * *

This court in the Handley case had this to say:

* * * an effect which is not the natural or probable consequence of the means which produced it, an effect which does not ordinarily follow and cannot be rea-

sonably anticipated from the use of these means, an effect which the actor did not intend to produce, and which he cannot be charged with the design of producing under the maxim to which we have adverted, is produced by accidental means. It is produced by means which were neither designed nor calculated to cause it. Such an effect is not the result of a design, cannot be reasonably anticipated, is unexpected, and is produced by an unusual combination of fortuitous circumstances; in other words, it is produced by accidental means.

In Kellogg v. California Western States Life Ins. Co.[2] this court observed:

* * * It was the contention of the defense in the Handley case that the death was not accidental as it was neither unnatural nor unforseeable. We held, however, that the test was that of unexpectedness.

*    *    *    *    *    *

* * * Certainly the rule of unexpectedness must be governed by the facts evidencing a susceptibility of the victim to the attendant results. Each individual may be considered the average individual unless the facts disclose that in reality he is not; and when the facts do so show, then the question of the accidental nature

1. Richards v. Standard Accident Ins. Co., 58 Utah 622, 200 P. 1017, 17 A.L.R. 1183 (1921); Billings v. Continental Life Ins. Co., 81 Utah 572, 21 P.2d 103 (1933); Whatcott v. Continental Casualty Co., 85

Utah 406, 39 P.2d 733 (1935); Handley v. Mutual Life Ins. Co. of New York, 106 Utah 184, 147 P.2d 319, 152 A.L.R. 1278 (1944).

2. 114 Utah 567, 201 P.2d 949 (1949).

of the result must be measured by this knowledge. * * *

■ Based upon the foregoing, we conclude that the trial court erred in granting the summary judgment. There is a genuine issue of fact as to whether the plaintiff's disability was unexpected, and unforeseen, in consideration of his health and physical condition prior to and during the time he was engaged in the drilling work.

■ A second issue, to be determined by the trier of the facts, is whether plaintiff's physical disability resulted from accidental means directly and independently of all other causes. As previously observed, plaintiff had certain infirmities and disabilities prior to his sustaining his state of alleged complete physical disability. It is defendant's contention that even if plaintiff's disability were the result of accidental means, he was suffering from prior disabilities which cooperated with the alleged accident; and, therefore, the accident cannot be considered the sole cause or a cause independent of all other causes of his disability.[3]

Remanded for trial in accordance with this opinion. Costs to plaintiff.

CROCKETT, C. J., and HENRIOD, TUCKETT and ELLETT, JJ., concur.

---

3. White v. National Postal Transport Ass'n, 1 Utah 2d 5, 261 P.2d 924 (1953); also see Lee v. New York Life Ins. Co., 95 Utah 445, 82 P.2d 178 (1938); Tucker v. New York Life Ins. Co., 107 Utah 478, 155 P.2d 173 (1945).